Curia, per

Johnson, Ch.,
The Court concur, generally, in the judgment of the circuit. Further explanations, however, in relation to some of the questions raised by the appeal, are thought necessary to the’ better understanding of the views of the Court, in relation to theim
1st. With regard to the claim set up by the complainant, to be indemnified for money paid to an accountant for arranging their accounts.
On looking into the report of the Commissioner, it will be seen that the accounts referred to were not accounts kept by the testator, himself, in such a.manner as to require extraordinary skill, to adjust and arrange them; but,- by the complainants, of their administration of the estate. The necessity of employing an accountant arose, therefore, out of their own negligence, or incompetence, and they must bear the burthen of it, Teague vs. Dealy and Logan vs. Logan, are conclusive of the question.-
*138 2dly. The Commissioner has reported the difference, between the Cypress Trees plantation, devised by the testator’s will, to Elizabeth M. Clark, and the Vinegar Hill plantation, devised to his daughter, Martha M. M., at $9,046 00, which is acquiesced in by all the parties. It is agreed, too, that the residuary estate is not sufficient to pay this sum and the debts; and two questions arise, 1st. whether the legacy to Martha M. M., of so much money as will make up the difference in value between Vinegar Hill and the Cypress Trees, must not fail for want of assets; and, 2dly. if not, whether she is not bound to abate, rateably with the other legatees, Joseph J. and Elizabeth J., to make up the difference.
The first question arises out of the assumption, in behalf of the widow and the legatees, Joseph J. and Elizabeth J., that the bequests of the testator’s negroes, to be divided between them, is a specific legacy, and the bequest of money to Martha M. M., a general legacy; and the second, out of the assumption, on the part of Martha M. M., that the bequest of money to her is specific, and that of the negroes, to the other parties, general.
The testator, by his will, devised to his wife, Elizabeth M. M., the plantation called Cypress Trees, and to his daughter, Martha M. M., all his interest and estate in a plantation called Vinegar Hill, “ that came from the estate of her grand-father, Joseph James Murray.” and then proceeds thus, “and as thesaid plantation is, in my opinion, less valuable than the plantations respectively given to my wife and other children, and as it is my wish that at my death, my wile and children be, as nearly as possible, on an equality, in regard to property, I give, devise, and bequeath to my daughter, Martha Mary Murray Clark, so much money as, with the said plantation, Vinegar Hill, will be equal in value to the Cypress Trees plantation, in lieu of, and to stand in place of so much land.” He then goes on to devise to his son, Joseph J., a plantation called Shell *139 House, and to his daughter, Elizabeth J., another plantation, called Mulberry Grove, and then proceeds, “it is, as I have already said, my desire that, at my death, my wife and children, respectively, should be, as nearly as possible, possessed of property of equal value; and, as my dear daughter, Martha Mary Murray Clark, under the deed of her grand-father, Joseph James Murray, to her mother, then Abigail Jenkins Murray, dated 23d February, 1815, will be possessed, in her own right, of as many slaves as can fall to my dear wife and her children, on a division amongst them, of all the negroes that belong to me: I, therefore, will, order and direct, that all the negro slaves, of which I may die possessed, in my own right, be divided into three equal portions, or parts;” of which, he gives one to his widow, one to his son, Joseph J. and one to his daughter, Elizabeth J.
As observed in the Circuit Court decree, a bequest of the residue of the estate of the testator, means what is left after the payment of debts and legacies, and it follows that the funds must be exhausted before the other legacies can be called upon to abate, or contribute towards it. If that fund fails, then the deficiency must be made up from the general legacies, rateably, before resort can be had to the specific legacies. About these rules there can be no diversity of opinion. The difficulty consists in their application. In determining what legacies are specific, and what are not. Now, a specific legacy is defined, generally, to be “the bequest of a particular thing, or money, specified and distinguished from all others of the same kind, as of a horse; a piece of plate; money in a purse, &c., which would immediately vest with the assent of the executor,” (1 Roper on Leg. 149.) The terms of the definition, themselves, sufficiently import that, to render a legacy specific, the thing bequeathed must be so described as to distinguish it. from the bulk of the testator’s estate, and may be delivered in specie, as money in a particular bag, or chest, or *140 in the hands of C., or my horse, called Castor, (Roper on Leg. 135, 150—1.) So, a bequest of all the testator’s property at B, he having property elsewhere, was held specific, Sayer vs. Sayer, (1 Vern. 688.) So, in Nesbitt vs. Murray, (5 Ves. 150—6,) where the testator gave some specific legacies, out of his estate in Jamaica, and bequeathed the rest and .residue of his estate, in the said Island of Jamaica, to trustees, •to sell and invest for certain uses, and then gave a variety of ..other legacies, Lord Alvanly held that this was a specific legacy of all testator’s property in Jamaica, and that the generality cf the terms, “ all the rest and residue of my estate,” were li,mited and controlled by the words, “in the Island of Jamaica’,’ to the property there.
Now, if the disposiiions of this will be analized, it' will be found that the bequest to Martha M. M., is an uncertain sum .of money, to be ascertained by a comparison.between the relative value of Vinegar Hill and the Cypress Trees plantations, and there is no foundation for the assumption that it is .specific. It wants the identity and certainty necessary to a .specific pecuniary legacy. The legacies of negroes to Joseph J..and Elizabeth J. are of one-third part, to each, of all the .negroes of which the testator might be possessed, at the time ,of his death; and there is nothing in this to distinguish the ne-groes bequeathed to one from those bequeathed to the other, and nothing to distinguish either from those bequeathed to the .wife. In the execution of the trusts of the will, the negroes .must be divided before the executors could assent to the legacies ; they want, therefore, all the requisites of specific legacies. If, by a literal construction of the particular terms employed in this bequest, a different conclusion might be drawn, 1 think it might be sustained on the general provisions of the will. In the construction of wills, the intention, to be collected from all its provisions, must prevail over the particular phraseology; and, on this principle, it was held, by Sir Wm. Grant, *141 in Page vs. Leapingwill, (18 Ves. 463,) that a legacy, in terms, purporting a general legacy, was, notwithstanding, specific. Thus, A, the testator, devised certain lands to trustees, to be sold, but not for less than ¿£10,000, and, believing that they would not, under any circumstances, bring less, disposed of fractional parts of that sum for the benefit of B and others, and directed that, after those legacies were paid, the overplus should be invested in public stocks, for the benefit of C & D. The lands were sold, under a decree, for less than ¿£7000, leaving nothing after the legacies to B and others were paid; and the question was, whether C and D were entitled to any thing. Now, the term, surplus, clearly imports what was left after' paying the legacies to B and others; yet, it was argued that C and D took with B and others, in the same proportion that they would have done, if the land had brought ¿£10,000. The assumption by the testator, that the land would bring that sum, and baseing his disposition of it upon that calculation, was regarded as restraining the general import of the word, surplus, to the meaning of a certain sum remaining of an ascertained fund, after paying out of it, the other sums specifically given.
The dispositions of this will express, very clearly, that the the testator intended to make the fortunes of his wife and children as nearly equal as the existing state of things would permit, and especially, that Martha M. M., should be compensated for the deficiency in the value of Vinegar Hill, as compared with the real estate devised to his wife and other children. Over the negroes, which she derived from her grand-father, he had no control; but, assuming that they were of equal value with those which might fall to the shares of his wife and children, upon an equal partition, of all the negroes that he owned, amongst them, he evidently regarded them as standing upon a footing of equality, with regard to that species of property; and the bequest of money to Martha M. M., was evidently based in the supposition that his residuary estate wás sufficient to *142 pay his debts and this legacy. If this must fail for want of assets, a leading object, (the equalization of their real estate,) will be defeated, and will necessarily produce an inequality against which he obviously intended to guard. If the deficiency is to be supplied from the legacies of negroes to Joseph J. and Elizabeth J., a like inequality results. If, therefore, we take the rule that general legacies must abate, rateably, to pay pecuniary legacies, or if the intention of the testator, collected from all the provisions of the will, prevails; it follows that the pecuniary legacy to Martha M. M. and the legacies of negroes to Joseph J. and Elizabeth J. must contribute rateably, to make up, to Martha M. M., the difference in value between Vinegar Hill and the Cypress Trees.
Peronneau, for Complainants; King Sf Walker, for Defendants, Hanahan et ux; Finley, for Defendant M. M. M. Clark; Bailey 3f Brewster, for Defendants, J. J. and E. J. Clark.
The appeal is therefore dismissed and the decree of the Circuit Court is affirmed.
Harper and Dunicin, Ch., concurred.